IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

_____
                                          |
HARRY HILL                                |
                                          |
      Plaintiff                         |
                                          |
      v.                                | Case No. 8:15-cv-1123
                                          |
B. FRANK JOY, L.L.C.                      |
                                          |
      Defendant                         |
_____|

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF NATHAN I. FINKELSTEIN, ESQ.; MATTHEW E. FEINBERG, ESQ.; AND THE FINKELSTEIN GROUP, P.C., FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF, HARRY HILL**

    Nathan I. Finkelstein, Esq.; Matthew E. Feinberg, Esq.; and The Finkelstein Group, P.C. (collectively, "Attorneys"), hereby submit this Memorandum of Points and Authorities in Support of their Motion for Leave to Withdraw as Counsel for Plaintiff, Harry Hill ("Plaintiff"), and respectfully request that this Honorable Court grant the Motion. As grounds therefore, Attorneys state as follows:

    1.    On or about April 20, 2015, Plaintiff filed the instant action alleging that Defendant terminated his employment in violation of the Fair Labor Standards Act and aided and abetted a third party to commit a malicious use of process against him. The Complaint was signed by Matthew E. Feinberg, Esq., of The Finkelstein Group, P.C., counsel of record for Plaintiff.

    2.    On or about June 12, 2015, Nathan I. Finkelstein, Esq. filed a Notice of Appearance and became co-counsel of record for Plaintiff.

1

3. Since Attorneys first entered their appearance on behalf of Plaintiff, there has been an irreconcilable breakdown of the attorney-client relationship, to the point that both Attorneys and Plaintiff describe it as "untenable." Attorneys now seek to withdraw as counsel.

4. The withdrawal of counsel of record is governed by Local Rule 101. The applicable Rule states as follows:

> In the case of an individual, appearance of counsel may be withdrawn only with leave of court and if (1) appearance of other counsel has been entered, or (2) withdrawing counsel files a certificate stating (a) the name and last known address of the client, and (b) that a written notice has been mailed to or otherwise served upon the client at least seven (7) days previously advising the client of counsel's proposed withdrawal and notifying the client either to have new counsel enter an appearance or to advise the Clerk that the client will be proceeding without counsel.

L.R. 101(2)(a). Attorneys' Certificate of Compliance with Rule 101 is appended hereto and marked as "Exhibit A."

5. On or about November 16, 2015, Mr. Feinberg, on behalf of Attorneys, sent Plaintiff an e-mail notifying Plaintiff that Attorneys intended to withdraw as counsel and stating in detail the basis for withdrawal.

6. On or about November 17, 2015, Mr. Feinberg, on behalf of Attorneys, sent Plaintiff a letter, via first-class mail, postage prepaid, explaining that Attorneys intended to withdraw and that Plaintiff should have new counsel enter an appearance or advise the Clerk that Plaintiff will be proceeding without counsel. *See Exhibit B* – Local Rule 101

Letter. The letter was mailed more than seven (7) days prior to the filing of the instant Motion.

7.     Accordingly, Attorneys complied with the threshold requirements of Local Rule 101.

8.     As this Court has previously acknowledged: "The decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the district court." *Abbott v. Gordon*, No. DKC 09-0372, 2010 WL 4183334, *1-2 (D. Md. Oct. 25, 2010) (citing *Whiting v. Lacara*, 187 F.3d 317, 320 (2nd Cir. 1999) (citing *Fleming v. Harris*, 39 F.3d 905, 908 (8th Cir. 1994); *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982))). That discretion should be guided by Rule 1.16 of the Maryland Lawyer's Rules of Professional Conduct, "which provide[s] a benchmark for when withdrawal may be permitted." *Id*. at *1.

9.     Subsection (b) of Rule 1.16 states:

> Except as stated in paragraph (c) a lawyer may withdraw from representing a client if:
> (1) withdrawal can be accomplished without material adverse effect on the interests of the client; (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent; (3) the client has used the lawyer's services to perpetuate a crime or fraud; (4) the client insists upon action or inaction that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement; (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (7) other good cause for withdrawal exists.

MD. RULE 16-812, MRPC 1.16(b).

10. Attorneys' withdrawal as counsel of record in this case can be accomplished without material adverse effect on Plaintiff's interests. Often, this "material adverse effect" is described in terms of the proximity to trial of the request to withdraw. *See, e.g., Nichols v. Butler*, 953 F.2d 1550, 1553 (11th Cir. 1992) (discussing that client would be prejudiced by withdrawal after trial began); *Miller v. Dunn & Phillips, P.C.*, 839 F.Supp.2d 383, 386 (D. Mass. 2011) (denying motion to withdraw in part because the client "may well be unable to retain [substitute] counsel fast enough to proceed to trial in several weeks.").

11. This Motion to Withdraw is filed quite early in the case. A scheduling order has not been entered; written and deposition discovery have not commenced; and no pretrial conference or trial dates have been established. Indeed, Defendant filed a Motion to Partially Dismiss Plaintiff's Amended Complaint, which remains pending and which prevents the entry of a scheduling order. There is ample time for substitute counsel to enter his or her appearance and litigate the matter without compromising Plaintiff's interests in any way. Indeed, it would prejudice Plaintiff if the Motion to Withdraw were denied, as both Attorneys and Plaintiff have described the attorney-client relationship as "untenable." Although substitute counsel has not yet been identified, Plaintiff should be able to locate a new attorney quickly, as the matter involves claims that, if proven, could be quite lucrative and include a possible attorneys' fees award, making the case desirable. Plaintiff has indicated in writing his intention to retain new counsel. *See Exhibit C* – E-mail dated November 18, 2015.

12. Leave to withdraw as counsel is also appropriate here because Plaintiff's conduct has rendered the attorney-client relationship unreasonably difficult.

13. First, Plaintiff has failed to provide specific information and documents to Attorneys despite repeated requests.

14. Second, Plaintiff has expressed distrust of Attorneys' knowledge and ability to litigate this matter successfully on his behalf.

15. Third, Plaintiff has expressed, albeit vaguely, an unwillingness to compensate Attorneys for the work they have done to date.

16. Fourth, after originally agreeing, on September 1, 2015, to participate in a pre-discovery settlement conference with Judge Jillyan Schulze in the companion Class Action matter filed by Plaintiff (*Hill v. B. Frank Joy, LLC*, Case No. 8:15-cv-1120 TDC), on November 16, 2015, Plaintiff instructed Attorneys, over their objection and against their advice, to cancel the conference only two days before it was to take place.[1] As a result, Defendant filed a Motion for Sanctions against Plaintiff. Continued representation of Plaintiff subjects Attorneys to the risk of future behavior by Plaintiff which could result in sanctions against Attorneys.

17. Given the conflict within the attorney-client relationship, Plaintiff would be best served by counsel with whom Plaintiff has confidence and to whom Plaintiff will be more responsive.

---

[1] "In private engagements counsel may withdraw if advice (even to settle) is not followed." *Spero v. Abbott Laboratories*, 396 F.Supp. 321, 323 (N.D. Ill. 1975).

18. In *Wright Solutions, Inc. v. Wright*, No. CBD-12-0178, 2014 WL 981141 (D. Md. Mar. 12, 2014), this Court recently granted a counsel's motion to withdraw. In *Wright*, the Court noted that withdrawal of counsel was appropriate where: (a) the client failed to pay the attorneys' fees he incurred; (b) there had been a breakdown in the attorney-client relationship, particularly with regard to communications between the client and his attorneys; and (c) the client would suffer no prejudice because "there were no impending deadlines" and trial was not imminent. *Id.* at *2-3 (citing *Portsmouth Redevelopment and Housing Authority v. BMI Apartments Assocs.*, 851 F.Supp. 775, 786-87 (E.D. Va. 1994)).

19. The circumstances here support this Court allowing Attorneys to withdraw. There is no reasonable risk of prejudice to Plaintiff by permitting the withdrawal of counsel at this early juncture, and the attorney-client relationship has clearly broken down to the point that both Attorneys and Plaintiff believe the relationship is "untenable" moving forward.

WHEREFORE, Attorneys respectfully request that this Honorable Court grant them leave to withdraw as counsel for Plaintiff, Harry Hill.

                                  Respectfully submitted,

                                  /s/ Matthew E. Feinberg
                                Matthew E. Feinberg, Esq. (Bar # 17745)
                                *Matt@fglawfirm.com*
                                Nathan I. Finkelstein, Esq. (Bar # 013792)
                                *Nat@fglawfirm.com*
                                THE FINKELSTEIN GROUP, P.C.
                                4600 N. Park Avenue, Suite 101
                                Chevy Chase, Maryland 20815
                                Ph: (301) 951-8400
                                Fx: (301) 951-8401

                                *Attorneys for Plaintiff, Harry Hill*