**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

| | |
|---|---|
| HARRY HILL,<br><br>    Plaintiff,<br><br>v.<br><br>B. FRANK JOY, LLC,<br><br>    Defendant. | Civil Action No. TDC-15-1123 |

**MEMORANDUM ORDER**

On July 6, 2015, Defendant B. Frank Joy, LLC ("B. Frank Joy") filed a Motion to Partially Dismiss Plaintiff Harry Hill's Amended Complaint, asserting that Hill has failed to state a claim for aiding and abetting malicious use of process. The Motion is fully briefed and ripe for disposition. No hearing is necessary to resolve the issues. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion is DENIED.

In the Amended Complaint, Hill alleges that on August 27, 2014, B. Frank Joy employee Crystal Louis filed a petition for a peace order in the District Court of Maryland for Prince George's County that falsely accused Hill of harassment and threats. That same day, the court issued a temporary peace order against Hill. The next day, B. Frank Joy fired Hill. On December 19, 2014, the court granted Hill's appeal and dismissed the peace order. Hill alleges that several months after his termination, Louis called him and stated that management-level employees at B. Frank Joy had forced her to submit the false petition, even though she had not felt threatened by him, because Hill had complained to B. Frank Joy about its wage payment practices.

Hill has a high-level security clearance with the federal government. The peace order caused his security clearance to be "suspended or flagged," which will delay applications for jobs requiring a security clearance because it will require an investigation into whether the suspension should be terminated. Am. Compl. ¶¶ 77-78. The suspension of Hill's security clearance, which was not lifted when the peace order was dismissed, will also make Hill ineligible for certain types of employment and may cause him to be denied certain positions requiring a security clearance.

Count Two of Hill's Amended Complaint claims that B. Frank Joy is liable for aiding and abetting malicious use of process by Louis. "[C]ivil aider and abettor liability . . . requires that there exist underlying tortious activity in order for the alleged aider and abettor to be held liable." *Alleco Inc. v. Harry & Jeanette Weinberg Found., Inc.*, 665 A.2d 1038, 1050 (Md. 1995). Therefore, for Hill's claim against B. Frank Joy to succeed, Hill must first establish that Louis committed malicious use of process. Under Maryland law, malicious use of process has five elements: (1) a civil proceeding instituted against the plaintiff; (2) without probable cause; (3) with malice; (4) that terminated in favor of the plaintiff; and (5) that inflicted a special injury upon the plaintiff which would not necessarily result in all such suits. *One Thousand Fleet Ltd. P'ship v. Guerriero*, 694 A.2d 952, 956 (Md. 1997).

Hill has alleged facts sufficient to state a claim that Louis engaged in malicious use of process. Louis instituted a civil proceeding against Hill seeking a peace order. Based on her alleged recantation to Hill, Louis lacked probable cause and acted with malice because she knew her allegations were false. *See id.* The proceeding terminated in Hill's favor. *See id.* at 958. Finally, the alleged damage to Hill's security clearance would constitute a special injury. A security clearance is a relatively scarce asset, held by few, and highly fragile. An accusation of

harassment and threats, even one later found to be unsubstantiated, can lead to the temporary or permanent loss of a security clearance. For national security professionals, suspension or revocation of a security clearance can result in the loss of employment or the inability to secure employment in their chosen field. This sort of specialized harm is not typically suffered by defendants in peace order proceedings. *Compare Campbell v. Lake Hallowell Homeowners Assoc.*, 852 A.2d 1029, 1046 (Md. Ct. Spec. App. 2004) (finding that a peace order restricting the plaintiff's ability to attend homeowners' association meetings did not cause a special injury), *with Hooke v. Equitable Credit Corp.*, 402 A.2d 110, 113-14 (Md. Ct. Spec. App. 1979) (finding that a confessed judgment against the plaintiffs inflicted a special injury because it caused a pending refinancing of a mortgage loan to be rescinded, which resulted in foreclosure on the plaintiffs' farm).

Hill has also pleaded facts sufficient to establish B. Frank Joy's liability as an aider and abettor of malicious use of process. Such liability accrues if the defendant "encouraged, incited, aided or abetted the act of the direct perpetrator of the tort." *Alleco Inc.*, 665 A.2d at 1049 (quoting *Duke v. Feldman*, 226 A.2d 345, 347 (Md. 1967)). Having alleged that B. Frank Joy incited Louis's tortious activity by forcing her to file a false petition for a peace order, Hill has stated a claim for aiding and abetting malicious use of process.

Finally, Hill's decision not to sue Louis for malicious use of process in this action does not bar the claim against B. Frank Joy for aiding and abetting the commission of that tort. *Alleco* states that an aider or abettor's liability hinges on proof that a "direct perpetrator" engaged in tortious activity. *Id.* at 1050. It does not require a plaintiff to name the direct perpetrator as a defendant. *See id.* In fact, the *Alleco* court entertained the plaintiffs' aiding and abetting claims even though the direct perpetrator of the tort was not a defendant in the action. *Id.* at 1040.

For the foregoing reasons, it is hereby ORDERED that B. Frank Joy's Motion to Partially Dismiss Plaintiff Harry Hill's Amended Complaint, ECF No. 15, is DENIED. B. Frank Joy is directed to file an Answer to the Amended Complaint within 14 days of the date of this Order. *See* Fed. R. Civ. P. 12(a)(4).


Date:  February 8, 2016                                  /s/
                                                       THEODORE D. CHUANG
                                                       United States District Judge