UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

HARRY HILL,

    Plaintiff,

    v.

B. FRANK JOY, LLC,

    Defendant.

Civil Action No. TDC-15-1123

## MEMORANDUM OPINION

Pending before the Court is the Motion to Disqualify Counsel filed by Defendant B. Frank Joy, LLC ("B. Frank Joy"). B. Frank Joy argues that counsel for Plaintiff Harry Hill should be disqualified because of counsel's representation of, and *ex parte* contact with, a former B. Frank Joy employee. The Motion is fully briefed and ripe for disposition. No hearing is necessary to resolve the issues. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

### I. Hill's Termination

According to the Second Amended Complaint, Hill began working for B. Frank Joy as a dump truck driver on May 5, 2014. On June 12, 2014, Hill complained to B. Frank Joy management that the company was violating federal law by failing to compensate employees for all time worked and to pay overtime wages. He later contacted a former B. Frank Joy human resources staff member to ask whether other employees had registered similar complaints in the past. On August 13, 2014, Crystal Louis, B. Frank Joy's Human Resources Manager, informed

Hill by email that he was suspended for alleged harassment of the former employee. On August 19, 2014, Louis told Hill that he could return to work. Hill responded by email the next day stating that, while he was not resigning, he could not return to work yet because he needed counseling as a result of B. Frank Joy's "retaliation." Mot. to Disqualify Ex. 2, Peace Order & Pet. at 6.

On August 27, 2014, Louis filed a petition for a peace order against Hill with the District Court of Maryland for Prince George's County. She claimed that Hill had been suspended for stalking a former employee and that emails sent by Hill made her fear that he might harm her. The court issued a temporary peace order that day. The following day, Louis emailed Hill to inform him that he was fired.

B. Frank Joy terminated Louis on October 30, 2014. Hill alleges that a few months after he was fired, Louis told him that certain B. Frank Joy officials had forced her to seek the peace order and that she had not felt threatened by Hill.

## II.  Hill's Claims Against B. Frank Joy

On April 20, 2015, Hill filed a putative collective and class action against B. Frank Joy, *Hill v. B. Frank Joy, LLC*, No. TDC-15-1120 ("*Hill I*"), alleging wage and hour violations under the Fair Labor Standards Act ("FLSA"), the Maryland Wage and Hour Law, and the Maryland Wage Payment Collection Law. He also filed a two-count complaint initiating the present case ("*Hill II*"), alleging that, by forcing Louis to seek the peace order, B. Frank Joy aided and abetted Louis's malicious use of process and that Hill's termination violated the FLSA's prohibition on retaliation. On November 25, 2015, Hill's original counsel filed a Motion to Withdraw from both *Hill I* and *Hill II*, which the Court granted on January 24, 2016. On February 23, 2016, Christine A. Dixon of C. Dixon Global Law, PLLC entered a Notice of Appearance on behalf of

Hill in both cases. The next day, Dixon submitted Motions for Admission *Pro Hac Vice* on behalf of Larry A. Strauss and Willie E. Gary of Gary, Williams, Parenti, Watson, and Gary, PLLC.

According to Dixon, Strauss, and Gary (collectively, "Plaintiff's Attorneys"), Louis contacted them on February 27, 2016 to offer to assist in Hill's litigation. Louis called again in late April, requesting to become a plaintiff in *Hill I*. On April 26, 2016, Hill and Louis signed a form entitled "Multi-Party Representation and Waiver of Potential Conflicts." Pl.'s Resp. Mot. to Disqualify Ex. A, Waiver at 1. The waiver stated that the two law firms did not perceive any conflict of interest in representing both Hill and Louis in *Hill I* "because the testimony and arguments to be advanced in the subject litigation by [Hill and Louis] are not substantially different." *Id.* The waiver promised that Plaintiff's Attorneys would bring any future conflicts of interest to Hill's and Louis's attention.

On May 31, 2016, Hill filed a third complaint against B. Frank Joy, *Hill v. B. Frank Joy, LLC*, No. TDC-16-1707 ("*Hill III*"). That action alleges that B. Frank Joy discriminated and retaliated against Hill in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. The complaint attached a declaration from Louis in which she accused B. Frank Joy of discriminating against African American employees, violating federal immigration law, and failing to compensate employees properly. She also stated that her supervisors instructed her to find a reason to fire Hill because he complained about workplace practices.

### III. Attorney-Client Privilege

B. Frank Joy asserts that during her employment, Louis was exposed to communications protected by the attorney-client privilege that related to Hill's suspension and termination. In response to this allegation, Hill submitted a declaration from Louis in which she denies having

ever met B. Frank Joy's attorneys, having participated in any in-person or telephonic meetings with certain B. Frank Joy officials and an attorney, or having seen any bills from the company's attorneys. She notes that she did update an individual named Maury about Hill's case over the phone, but she was not told that Maury was an attorney, and she never provided or received confidential attorney-client information during these conversations.

In turn, B. Frank Joy submitted two declarations from its Controller, Janice Slater, who supervised Louis. Slater claims that Louis was aware that Maury Baskin, an attorney with Littler Mendelson, P.C., served as B. Frank Joy's outside counsel on employment matters. Slater asserts that she directed Louis to contact Baskin to seek advice on Hill's suspension and termination, and that Louis did so. In support of this claim, Slater provided a privilege log and certain emails, some redacted, which together suggest that Louis knew that Baskin was outside counsel for B. Frank Joy and that she communicated with him regarding Hill's suspension and termination. Slater also submitted an invoice for legal services from Baskin to B. Frank Joy that appears to bear a handwritten note from Louis directing that it be paid.

At the Court's request, Plaintiff's Attorneys submitted declarations relating to their interactions with Louis. In her declaration, Dixon states that after Louis contacted them to discuss her potential involvement in Hill's litigation, she initially asked Louis if she was represented by counsel, if she had a non-disclosure agreement with B. Frank Joy, and if she had any prior interactions with counsel for B. Frank Joy. Louis answered in the negative to all of these questions and stated that she did not believe that B. Frank Joy had counsel. According to Dixon, Louis also stated that she took direction from management personnel only, and that she never received documents from, or communicated by email with, any attorneys for B. Frank Joy.

Dixon notes that she also explained the attorney-client privilege to Louis, and that Louis stated that she understood the privilege from her work as a human resources professional.

During her conversations with Plaintiff's Attorneys, Louis discussed her involvement with Hill's suspension and termination. Based on the information she provided, Louis's two declarations were prepared and submitted. According to Plaintiff's Attorneys, at no point did Louis disclose any information relating to interactions with counsel for B. Frank Joy, nor did she provide any emails or written communications with such counsel.

### IV.     Procedural History

After receiving Louis's declaration in *Hill III*, counsel for B. Frank Joy asked Plaintiff's Attorneys if they represented Louis. Upon learning that they did, counsel for B. Frank Joy objected. The parties met and conferred but were unable to resolve the dispute informally. On June 28, 2016, B. Frank Joy filed the pending Motion. B. Frank Joy's Motion to Disqualify argues that Plaintiff's Attorneys should be disqualified from *Hill II* because they breached applicable ethical rules by agreeing to represent both Hill and Louis and by communicating *ex parte* with Louis. B. Frank Joy argues that the only remedy for these breaches is to disqualify Plaintiff's Attorneys and to suppress Louis's declaration in *Hill III*. On July 12, 2016, Hill filed a Response to the Motion. On July 29, 2016, B. Frank Joy filed a Reply memorandum, in which it also sought to have Plaintiff's Attorneys disqualified from *Hill I* and *Hill III*.

## DISCUSSION

The Motion to Disqualify presents two grounds for disqualification: (1) the dual representation of Hill and Louis creates a non-waivable conflict of interest; and (2) Plaintiff's Attorneys engaged in unauthorized *ex parte* contact with Louis.

I.  **Legal Standard**

This Court applies the Maryland Lawyer's Rules of Professional Conduct ("MLRPC") as adopted by the Maryland Court of Appeals.[1] D. Md. Local R..704. Courts exercise "supervisory power over the members of the bar," a power that includes the authority to disqualify counsel for ethical transgressions. *See United States v. Clarkson*, 567 F.2d 270, 273 n.3 (4th Cir. 1977). "The drastic nature of disqualification requires that courts avoid overly-mechanical adherence to disciplinary canons at the expense of litigants' rights freely to choose their counsel; and that they always remain mindful of the opposing possibility of misuse of disqualification motions for strategic reasons." *Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 145-46 (4th Cir. 1992); *see also Buckley v. Airshield Corp.*, 908 F. Supp. 299, 304 (D. Md. 1995) (requiring the party seeking to disqualify counsel to meet a "high standard of proof").

II. **Conflict of Interest**

B. Frank Joy argues that Plaintiff's Attorneys' representation of both Hill and Louis creates a non-waivable conflict of interest because the aiding and abetting claim in *Hill II* alleges that Louis made false claims to obtain a peace order. B. Frank Joy asserts that this accusation could harm Louis's reputation and even subject her to prosecution for perjury. Because the success of Hill's aiding and abetting claim depends upon proving Louis's malfeasance, B. Frank Joy contends that Plaintiff's Attorneys are unable to fulfill their ethical obligations to both clients.

On August 24, 2016, Plaintiff's Attorneys submitted a Notice of Withdrawal of Representation of Crystal Louis, in which they notified the Court that they have terminated the

---

[1] On July 1, 2016, the MLRPC were superseded by the Maryland Attorneys' Rules of Professional Conduct. Md. R. 19-300.1. The MLRPC were in effect at all times relevant to this Motion, so the Court applies them to this Motion.

attorney-client relationship with Louis and no longer represent her in any matter. Because Plaintiff's Attorneys no longer represent both Hill and Louis, the Motion as it relates to the alleged non-waivable conflict of interest is now moot. Thus, this aspect of the Motion to Disqualify is denied.

### III.   *Ex Parte* Contact

B. Frank Joy next argues that Louis, as Human Resources Manager, received privileged attorney-client information related to Hill's suspension and termination. It concludes that Plaintiff's Attorneys' *ex parte* contact with Louis violated MLRPC 4.4(b) and the holding of *Camden v. State of Maryland*, 910 F. Supp. 1115 (D. Md. 1996).

Rule 4.4(b) provides: "In communicating with third persons, an attorney representing a client in a matter shall not seek information relating to the matter that the attorney knows or reasonably should know is protected from disclosure by statute or by an established evidentiary privilege, unless the protection has been waived." MLRPC 4.4(b). An attorney who receives such information must "(1) terminate the communication immediately and (2) give notice of the disclosure to any tribunal in which the matter is pending and to the person entitled to enforce the protection against disclosure." *Id.* Rule 4.4(b) went into effect on January 1, 2002. 28 Md. Reg. 2022, 2026-28 (Nov. 16, 2001). A simultaneously adopted comment to Rule 4.2, which addresses communications with represented persons, indicates that Rule 4.4(b), not Rule 4.2, governs attorneys' interactions with the former employees of opposing parties. *Id.* at 2027; MLRPC 4.2 cmt. 6.

The decision in *Camden* preceded these amendments. In *Camden*, plaintiff's counsel met with a former employee of the defendant whose job responsibilities had included investigating the plaintiff's discrimination complaint. 910 F. Supp. at 1116-17. During these *ex parte*

communications, the former employee disclosed privileged information. *Id.* The court extended Rule 4.2's prohibition on *ex parte* contact with represented persons to also prohibit *ex parte* contact with unrepresented former employees of adverse parties "when the lawyer knows or should know that the former employee has been extensively exposed to confidential client information of the other interested party." *Id.* at 1116, 1122. Judges in the District of Maryland have come to differing conclusions on the validity of *Camden* as a gloss on the MLRPC. *Compare Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 753 (D. Md. 1997) (following *Camden*), *with Davidson Supply Co. v. P.P.E., Inc.*, 986 F. Supp. 956, 958 (D. Md. 1997) (rejecting *Camden* as contrary to both the text of Rule 4.2 and an interpretation of Rule 4.2 by the Maryland State Bar Association's Committee on Ethics). The 2002 amendments to Rules 4.2 and 4.4, in which the Court of Appeals made clear that Rule 4.2 does not govern interactions with former employees, call into question the continuing vitality of the *Camden* rule.

Here, B. Frank Joy offers no evidence that Plaintiff's Attorneys violated Rule 4.4(b) by seeking confidential information from Louis. They assert that Louis has likely disclosed the privileged content of her communications with Baskin, but there is no indication that any statement in either of Louis's two declarations contains privileged information, or that Plaintiff's Attorneys sought out such information. In their declarations, Plaintiff's Attorneys specifically deny having sought or received any privileged information. Rather, they assert that they specifically explained the attorney-client privilege to Louis and asked Louis whether she had any interactions with an attorney for B. Frank Joy. In response, Louis told them that she did not believe that the company had counsel. Plaintiff's Attorneys also assert that the information she provided did not relate to interactions with counsel, and she provided no documents reflecting

communications with counsel. The Court will not presume that Plaintiff's Attorneys have violated their ethical duties absent evidence of such a breach.

Moreover, even assuming the applicability of *Camden*, B. Frank Joy has not established that Plaintiff's Attorneys violated that rule by communicating with Louis. The evidence before the Court indicates that Louis may have sent and received privileged communications relating to Hill's suspension and termination. B. Frank Joy has not shown, however, that Plaintiff's Attorneys knew or should have known that Louis possessed such information. There is no evidence that Louis ever told Plaintiff's Attorneys that she had such confidential communications or disclosed their contents. B. Frank Joy contends that Plaintiff's Attorneys should have realized that Louis's statements were not accurate because a company's human resources manager would necessarily communicate with outside counsel about enforcing personnel policies. Here, however, Louis asserted that, regardless of her job description, in reality her duties were closer to those of an administrative assistant than a manager. B. Frank Joy has not shown that Plaintiff's Attorneys knew or should have known that Louis had access to attorney-client communications relating to the present case.

Accordingly, B. Frank Joy has failed to show that Plaintiff's Attorneys violated Rule 4.4(b) or, to the extent that it may apply, the *Camden* rule. The Motion to Disqualify is therefore denied. Because there is no indication that Louis's declarations contain privileged information, the Court will not strike them.

## CONCLUSION

For the foregoing reasons, B. Frank Joy's Motion to Disqualify Counsel is DENIED. A separate Order shall issue.

Date: August 26, 2016

                                                THEODORE D. CHUANG
                                                United States District Judge