UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

HARRY HILL,

    Plaintiff,

    v.

B. FRANK JOY, LLC,

    Defendant.

Civil Action No. TDC-15-1123
Civil Action No. TDC-16-1707

**MEMORANDUM ORDER**

Pending before the Court is a Motion for Sanctions in which Defendant B. Frank Joy, LLC ("B. Frank Joy") seeks dismissal of these consolidated actions based on Plaintiff Harry Hill's noncompliance with court orders relating to discovery, as well as attorney's fees and costs. The Motion is fully briefed, and the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

On April 20, 2015, Hill, a former employee of B. Frank Joy, filed Case No. TDC-15-1123, in which he alleges unlawful retaliation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219 (2018). On May 31, 2016, Hill filed Case No. TDC-16-1707, in which he alleges unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17 (2018), and violations of 42 U.S.C. § 1981. The cases were consolidated for pre-trial proceedings on February 7, 2017. Initially, Hill was represented by counsel in both cases, but counsel withdrew on December 13, 2017, and Hill has been self-represented since that date. From

August 8, 2017 to January 7, 2019, the cases were stayed as a result of a joint request of the parties for time to pursue settlement. Upon lifting the stay, the Court set a discovery schedule.

On February 7, 2019, B. Frank Joy filed a Motion to Compel, alleging that Hill failed to respond adequately to interrogatories and document requests served in March 2017, prior to the stay and while Hill was represented by counsel. On June 12, 2019, the Court (Day, M.J.) held a hearing on the Motion to Compel during which the Court granted the majority of B. Frank Joy's requests for supplementation of interrogatories, directed supplementation within 14 days, and denied a request for sanctions against Hill. During the hearing, the Court informed Hill on multiple occasions that he was required to include with his responses a statement that they were made "under oath" to comply with the rules of discovery, but it did not include that specific requirement in the written order docketed after the hearing. 6/12/19 Tr. at 11, 19, 25, 80, ECF No. 119.

Although Hill complied with the order to provide supplemental interrogatory responses within 14 days , he did not verify those responses. B. Frank Joy's counsel then requested in writing on several occasions that Hill provide such verification and provided Hill with sample verification language to facilitate the completion of the process. Although Hill acknowledged the requests, stated that he would provide verification, and apologized for the delay, he did not provide the requested information. On October 21, 2019, B. Frank Joy filed a Notice of Intent to File a Motion to Compel Plaintiff's Compliance with the June 12, 2019 Order. According to B. Frank Joy, a few hours after the Notice of Intent was served upon Hill by email, he provided the required verification.

On October 7, 2019, B. Frank Joy served a notice of deposition seeking Hill's deposition on October 24, 2019. After Hill stated he was not available on that date and B. Frank Joy's counsel sent him alternative dates, Hill sent to defense counsel a Notice of Intent to File a Motion for Leave

2

of the Court from Deposition, later filed with the Court on October 28, 2019, in which he asserted that the deposition was not necessary. On October 16, 2019, B. Frank Joy filed a Notice of Intent to File a Motion to Compel the Deposition.

On January 28, 2020, the Court held a hearing on discovery matters, including Hill's failure to attend the scheduled deposition. During the hearing, Hill stated that he had not agreed to the deposition because the notice stated that the deposition could extend through multiple days. The Court clarified that the deposition was limited to seven hours in total but emphasized that B. Frank Joy was entitled to take his deposition. The Court then set Hill's deposition to occur on February 26, 2020 at 9:00 a.m., a date and time agreed to by Hill. The Court also granted B. Frank Joy 45 days from the date of the deposition to conduct additional discovery related to information received during the deposition. Following the hearing, the Court issued an order stating in part that "Plaintiff's deposition will be held . . . on February 26, 2020 beginning at 9 am" and that "Plaintiff is again cautioned that additional failures to comply with discovery or the orders of the Court may result in dismissal of all claims with prejudice." ECF No. 148.

On February 11, 2020, with leave of the Court, B. Frank Joy filed a Motion for Attorney's Fees as a sanction for Hill's delay in verifying his interrogatory responses. The Court granted that motion on May 27, 2020 and awarded B. Frank Joy $1,452.00 in attorney's fees and costs.

On February 24, 2020, Hill served 11 notices of deposition, even though the Court had informed him that the additional 45-day period of discovery was available only to B. Frank Joy based on his deposition. On February 26, 2020, Hill failed to appear for his deposition. The present Motion followed.

**DISCUSSION**

B. Frank Joy now moves pursuant to Federal Rule of Civil Procedure 37 for sanctions against Hill based on his failure to appear at his deposition and other discovery violations. B. Frank Joy seeks dismissal of Hill's claims with prejudice and an award of attorney's fees and costs associated with Hill's non-appearance.

Rule 37 authorizes a court to issue sanctions, up to and including dismissal, against a party who fails to comply with a court order relating to discovery. Fed. R. Civ. P. 37(b)(2)(A)(v). When determining what, if any, sanctions should be imposed under Rule 37, courts consider four factors: (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice suffered by the other party as a result of the failure to comply; (3) the deterrent value of dismissal as a sanction for non-compliance; and (4) the efficacy of a less drastic sanction. *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001). The sanction of dismissal is generally reserved for "the most flagrant case," in which the party's non-compliance "represents bad faith and callous disregard for the authority of the Court and its Rules." *Mut. Fed. Sav. & Loan Ass'n. v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). Whether to impose sanctions is committed to the court's discretion. *See Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995).

Hill's failure to appear at his February 26, 2020 deposition, as scheduled by the Court on January 28, 2020, violated a court order. Where Hill was specifically informed by the Court that he would have to attend his deposition, and he has not offered any explanation for why he failed to comply, there is, at a minimum, some evidence to support a finding of bad faith. *Cf. LeCompte v. Manekin Constr., LLC*, 573 B.R. 187, 195 (D. Md. 2017) (holding that a party's failure to provide a satisfactory reason why its discovery responses were not timely can be evidence of bad faith), *aff'd*, 706 F. App'x 811 (4th Cir. 2017).

The Court does not find, however, that bad faith is necessarily established by the prior course of conduct. Although these cases date back to 2015, Hill was represented by counsel for the first two years, and the cases were stayed for a significant portion of that overall time period by agreement of the parties, so Hill has been responsible for discovery only since January 2019. B. Frank Joy points to Hill's failure to verify his interrogatory responses, as directed by the Court on June 12, 2019, until B. Frank Joy filed a Notice of Intent to File a Motion to Compel, but Hill promptly supplemented his interrogatory responses within the time limit set by the Court. Thus, even though he did not meet the technical requirement of verification until threatened with another motion, he had complied with the core requirement of the Court's June 12, 2019 order, and he eventually complied with the verification requirement without further intervention by the Court.

As for his failure to appear for the October 24, 2019 deposition noticed by B. Frank Joy, Hill had promptly informed B. Frank Joy that he objected to appearing and thus did not cause B. Frank Joy to incur the time and expense of preparing for and attending the deposition, and he did not violate a court order by failing to attend. He later told the Court that he objected to the possibility that the deposition would extend over multiple days, as stated in the notice of deposition. Though Hill's justifications for these actions are far from compelling, the Court does not find that these incidents "demonstrate[d] a pattern of indifference and disrespect to the authority of the court." *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93; *see also Camper v. Home Quality Mgmt. Inc.*, 200 F.R.D. 516, 519 (D. Md. 2000) (holding that there was no "repeated malfeasance" on the first occasion on which plaintiffs failed to appear for a deposition). These incidents, as well as Hill's issuance of notices of depositions after the January 28, 2020 hearing at which additional discovery was limited to post-deposition discovery by B. Frank Joy, could instead

be viewed as reflective of Hill's self-represented status and his lack of understanding of the rules of discovery.

This history is also not as compelling as suggested by B. Frank Joy in relation to the remaining factors. As for the prejudice to B. Frank Joy, Hill's conduct has caused defense counsel to have to send correspondence to Hill and to submit filings with the Court in order to achieve compliance with the rules of discovery. The prejudice associated with the failure to verify interrogatories, however, has already been addressed through an award of attorney's fees by the Court. Where, as discussed above, Hill gave advanced notice that he would not appear for a deposition on October 24, 2019, the February 26, 2020 deposition date is the first occasion when defense counsel prepared for and attended a deposition only to have Hill fail to appear. Thus, the prejudice is more limited than described by B. Frank Joy.

There is certainly a need for deterrence when a party such as Hill has brought a case to a standstill through the failure to participate in his deposition. *See, e.g.*, *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93 (holding that conduct such as "stalling and ignoring direct orders of the court . . . must obviously be deterred"). On the question whether less drastic sanctions could achieve compliance, however, it is notable that the award of attorney's fees associated with the failure to verify interrogatories was not granted until after February 26, 2020. Thus, it is not clear that other sanctions, such as a financial sanction, would be insufficient to cause compliance. *Belk*, 269 F.3d at 348; *cf. Reizakis v. Loy*, 490 F.2d 1132, 1136 (4th Cir. 1974) (reversing the dismissal of a case under Rule 41(b) as a sanction for delays where the district court did not consider measures less drastic than dismissal that would rectify the harm).

In the end, although Hill has offered no reasonable explanation for failing to appear at the deposition ordered by the Court, the Court does not find that dismissal is warranted for this first

occasion of an open and total failure to comply with an order of the Court. If, however, Hill fails to appear at the next scheduled deposition date, the Court would have no choice but to conclude that Hill is acting in bad faith and that there "a pattern of indifference and disrespect to the authority of the court." *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93. Such a repeat violation would also compound the prejudice to B. Frank Joy as it would show that Hill will not submit to a deposition that is necessary to permit B. Frank Joy to adequately prepare for trial. *See Rhodes v. Comcast Cable Commc'ns Mgmt., LLC*, No. GLR-14-1824, 2017 WL 11454920, at *2 (D. Md. July 25, 2017) (holding that the defendant would be prejudiced at trial if it did not have the ability to depose the plaintiff beforehand). Now that Hill has been subjected to a financial sanction for non-compliance with a court order, it would also demonstrate that no sanctions short of dismissal would be effective. Accordingly, while the Court will give Hill one more chance to participate in a deposition, if Hill fails to appear, dismissal of all of claims in this case with prejudice would be warranted and likely would be imposed as a sanction.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. B. Frank Joy's Motion for Sanctions Including Dismissal of All Claims with Prejudice, ECF No. 156, is GRANTED IN PART and DENIED IN PART.
2. The Motion is granted in that B. Frank Joy may file a Motion for Sanctions seeking an award of attorney's fees and costs for Hill's failure to appear for the February 26, 2020 deposition.
3. The Motion is denied as to dismissal of all claims.

4. The parties are directed, within **21 days** of the date of this Order, to notify the Court of a mutually acceptable deposition date and time or, if the parties cannot reach an agreement, to submit the issue of a specific deposition date to Court for resolution.

5. Hill is ordered to appear for a deposition on the date agreed to by the parties or selected by the Court. Hill is placed on notice that a failure to appear will constitute a violation of a court order that will likely result in dismissal of all claims with prejudice.


Date:   October 8, 2020                             /s/ *Theodore D. Chuang*
                                                    THEODORE D. CHUANG
                                                    United States District Judge