UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

HARRY HILL,

     Plaintiff,

     v.

B. FRANK JOY, LLC,

     Defendant.

Civil Action No. TDC-15-1123
Civil Action No. TDC-16-1707

## MEMORANDUM ORDER

Pending before the Court is a Motion to Dismiss filed by Defendant B. Frank Joy, LLC ("B. Frank Joy"). For the second time, B. Frank Joy seeks dismissal of all claims with prejudice pursuant to Federal Rule of Civil Procedure 37 based on Plaintiff Harry Hill's noncompliance with court orders relating to discovery, particularly his failure to appear for a deposition. The Motion is fully briefed, and the Court finds that no hearing is necessary. *See* D. Md. Local Rule 105.6. In his brief, Hill also seeks to assert a Motion for Summary Judgment. For the reasons set forth below, B. Frank Joy's Motion will be GRANTED, and Hill's Motion will be DENIED.

## BACKGROUND

On March 20, 2020, B. Frank Joy filed a Motion for Sanctions Including Dismissal of All Claims with Prejudice ("the First Motion"), arguing that Hill's claims should be dismissed as a result of various discovery violations, including the failure to appear at a deposition on February 26, 2020. In a Memorandum Order on the First Motion ("the First Motion Order"), issued on October 8, 2020, this Court granted B. Frank Joy's request for sanctions for the failure to appear at the deposition but denied the request for dismissal. Where the factual background, procedural

history, and legal analysis set forth in the First Motion Order are highly relevant to the resolution of the pending Motion, the Court incorporates that Order by reference here. *See Hill v. B. Frank Joy, LLC*, No. TDC-15-1123, 2020 WL 5951366 (D. Md. Oct. 8, 2020).

In declining to dismiss this case pursuant to the First Motion, the Court found that Hill's failure to appear at the February 26, 2020 deposition violated a court order, but given that it was the "first occasion of an open and total failure to comply with an order of the Court," bad faith had not necessarily been established. *Id.* at *3. However, the Court cautioned that "[i]f ... Hill fails to appear at the next scheduled deposition date, the Court would have no choice but to conclude that Hill is acting in bad faith," and since Hill will have already "been subjected to a financial sanction for non-compliance with a court order, it would also demonstrate that no sanctions short of dismissal would be effective." *Id.* The Court also ordered Hill to appear at a deposition on a date to be agreed upon by the parties or selected by the Court and placed him on notice that "a failure to appear will constitute a violation of a court order that will likely result in dismissal of all claims with prejudice." *Id.* at *4.

After issuance of the First Motion Order, the parties agreed to schedule Hill's deposition to take place by video on December 4, 2020. On December 1, 2020, however, Hill sent an email to B. Frank Joy's counsel stating that he would not be attending the deposition. As grounds, Hill stated that he would not appear until the Court ruled on a Motion for a Protective Order which would seek relief from the deposition and other discovery requests because of alleged harassment and abuse of the discovery process by B. Frank Joy. At a hearing on February 16, 2021, United States Magistrate Judge Charles B. Day rejected Hill's claims of harassment and abuse of the discovery process, denied the Motion for a Protective Order, and ordered Hill to appear for his deposition on April 15, 2021. On March 26, 2021, B. Frank Joy filed the pending Motion to

2

Dismiss All Claims with Prejudice ("the Second Motion"). While the Second Motion has been pending, Hill failed to appear at the court-ordered deposition on April 15, 2021.

## DISCUSSION

In the Second Motion, B. Frank Joy seeks dismissal pursuant to Federal Rules of Civil Procedure 37 and 41, or the inherent power of the court, based on Hill's failure to appear at his deposition and other discovery violations. Rule 37(b) provides that the court may impose sanctions, including "dismissing the action or proceeding in whole or in part," if a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v). When determining what, if any, sanctions should be imposed under Rule 37, courts consider four factors: (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice suffered by the other party as a result of the failure to comply; (3) the deterrent value of dismissal as a sanction for non-compliance; and (4) the efficacy of a less drastic sanction. *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001). The sanction of dismissal is generally reserved for "the most flagrant case," in which the party's non-compliance "represents bad faith and callous disregard for the authority of the district court and the Rules." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).

Here, although B. Frank Joy identifies numerous discovery violations and arguably frivolous filings over a lengthy period of time, the Court finds that the Motion can be resolved based on the prior history outlined in the First Motion Order and the more recent history of Hill's failure to attend three depositions: first, the February 26, 2020 court-ordered deposition for which he was already sanctioned for failing to attend; second, the December 4, 2020 deposition scheduled pursuant to the First Motion Order; and third, the April 15, 2021 deposition ordered by Judge Day. Although this Court did not find bad faith after the first missed deposition, Hill was specifically

3

warned that if he failed to appear at the next scheduled deposition date, "the Court would have no choice but to conclude that Hill is acting in bad faith and that there was 'a pattern of indifference and disrespect to the authority of the court.'" *Hill*, 2020 WL 5951366, at \*3 (quoting *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93). The December 4, 2020 deposition was scheduled on a date agreed to by the parties in response to the Court's October 8, 2020 First Motion Order, which directed that "Hill is ordered to appear for a deposition on the date agreed to by the parties or selected by the Court" and that "a failure to appear will constitute a violation of a court order." *Hill*, 2020 WL 5951366, at \*4. The failure to appear for the December 4, 2020 deposition is therefore fairly construed as another violation of a court order.

Although Hill, after agreeing to the deposition date, then filed a Notice of Intent to File a Motion for a Protective Order and informed B. Frank Joy that he would not attend the December 4, 2020 deposition while that motion was pending, Judge Day eventually denied the motion, which offered no valid arguments to justify the failure to abide by the First Motion Order requiring his deposition. Then, when Judge Day ordered his appearance for a deposition on April 15, 2021, he failed to appear without any advanced notice, thus imposing additional costs on B. Frank Joy. Hill has not provided the Court with any excuse or reason for missing the April 15, 2021 deposition. Where Hill has now failed to appear for his deposition three times, in violation of several court orders requiring him to do so, the Court finds that Hill has acted in bad faith in failing to comply with court orders relating to discovery. *See Mut. Fed. Sav.*, 872 F.2d at 89–93 (finding bad faith based on a defendant's failure to comply with three specific discovery orders and granting a default judgment against the defendant under Rule 37); *see also Porreca v. Mitchell L. Morgan Mgmt., Inc.*, No. JFM-08-1924, 2009 WL 400626, at \*4 (D. Md. Feb. 13, 2009) (finding that "Courts have

had 'little trouble in finding the requisite bad faith or fault where the party has ... failed to appear at depositions without an attempt at explanation'" (citation omitted)).

Hill's actions have also prejudiced B. Frank Joy. As to Hill's failure to appear at the April 15, 2021 deposition, B. Frank Joy again incurred the time and expense of preparing for and attending the deposition. *See Melvin v. Lady Foot Locker, Inc.*, No. L-07-2827, 2008 WL 11363276, at *2 (D. Md. Sept. 22, 2008) ("[A] party's repeated failure to attend one's own deposition imposes substantial prejudice through the adversary's 'wasted time, attorneys' fees, and inability to obtain information necessary to prepare [its] defense." (citation omitted)). Hill's conduct also caused defense counsel to have to submit numerous filings to the Court and prepare for and attend hearings to achieve Hill's compliance with the rules of discovery. Where Hill has still not submitted to a deposition, Hill's failure to appear has also prejudiced B. Frank Joy by undermining the purpose of pre-trial discovery—for a litigating party to obtain information from the opposing party—because it has been "unable to obtain information critical to its defense of the case." *Uribe v. Aaron's, Inc.*, No. GJH-14-0022, 2014 WL 5797795, at *3 (D. Md. Nov. 5, 2014). Finally, Hill's stonewalling has caused substantial delay in this case, which was filed six years ago and in which the discovery period for which Hill is responsible as a self-represented party has now extended for close to three years. *See Hill*, 2020 WL 5951366, at *2. Such a delay both jeopardizes a party's ability to present a defense, as the passage of time may erode the quality of witness testimony on its behalf, and also unfairly prevents the party from achieving closure through a resolution of the case. The Court therefore finds that Hill's violations of court orders has caused prejudice.

As to the third factor, dismissal of this case is appropriate to deter Hill and other litigants from refusing to cooperate with an opposing party in discovery and to comply with court orders.

*See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) ("The most severe sanction … must be available … to deter those who might be tempted to such conduct in the absence of such a deterrent."). Such deterrence is necessary because a pattern of failing to comply with court orders undermines this Court's ability to manage this case and other cases fairly and effectively. *See Uche v. Montgomery Hospice, Inc.*, No. ELH-13-00878, 2014 WL 5113588, at *6 (D. Md. Oct. 10, 2014).

As for the fourth factor, Judge Day already ordered financial sanctions in this case after Hill failed to appear at the February 26, 2020 court-ordered deposition, and this Court warned Hill that a failure to appear after such sanctions were imposed would demonstrate that "no sanctions short of dismissal would be effective." *Hill*, 2020 WL 5951366, at *3. Nevertheless, Hill continued to evade his deposition. Significantly, Hill was explicitly warned in the First Motion Order that his case would likely be dismissed if he failed to comply with court orders requiring him to appear for a deposition, yet he still violated those orders. *See Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 2003) (affirming an entry of default judgment for failure to comply with discovery orders after the party was warned that failure to comply could result in dismissal). Under these circumstances, the Court finds that less drastic sanctions would be ineffective.

Because each of the factors supports dismissal, this case will be dismissed with prejudice under Rule 37. The Court therefore need not address whether dismissal is appropriate under Rule 41 or the inherent power of the court.

Finally, the Court addresses the fact that Hill's memorandum in opposition to the Motion included what Hill deemed to be a Motion for Summary Judgment. Beyond the fact that the Motion for Summary Judgment was procedurally improper under the Case Management Order,

ECF No. 124, and is now moot based on the Court's granting of B. Frank Joy's Motion, Hill's Motion otherwise fails. Although Hill reasserts facts from his Complaint and requests summary judgment based on those facts, where B. Frank Joy has previously argued, and the Court has found, that Hill's deposition must be taken before this case can be resolved, consideration of summary judgment on the present, incomplete record would be improper. *See* Fed. R. Civ. P. 56(d). Hill's Motion otherwise offers unsupported and unpersuasive allegations of bias against him that do not provide a basis for granting summary judgment. The Motion for Summary Judgment will therefore be denied.

**CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that:

1. B. Frank Joy's Motion to Dismiss All Claims with Prejudice, ECF No. 188, is GRANTED.

2. Hill's Motion for Summary Judgment, ECF No. 191, is DENIED.

3. The Clerk is directed to close these consolidated cases.

Date: November 8, 2021

THEODORE D. CHUANG
United States District Judge